IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN RAY MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:24-cv-00610 |
| STATE OF TENNESSEE, et al., | ) ) JUDGE CAMPBELL |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Justin Ray Miller, a pretrial detainee confined at the Rutherford County Jail, has filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2).

This case is before the Court for ruling on Plaintiff's IFP application and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

A prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submissions that he lacks the funds to pay the entire filing fee, his IFP application (Doc. No. 2) is **GRANTED** and a $350 filing fee is **ASSESSED**.[1] The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a)

---

[1] Prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1), either in a lump sum at the time of filing or in installments over time via an assessment against the prisoner's inmate trust account. Where the prisoner is granted pauper status and allowed to pay in installments, the fee is $350. See 28 U.S.C. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023).

20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure

2

12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

Plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims**

The Complaint alleges violations of Plaintiff's rights under the federal and state constitutions by Rutherford County Circuit Court Judge Barry Tidwell and Rutherford County Circuit Court Clerk Melissa Harrell, both of whom are sued in their official and individual capacities. (Doc. No. 1 at 2, 5; Doc. No. 6[2].) Plaintiff alleges that Defendant Harrell stamped his grand jury indictment as "filed" on June 6, 2023, but that the two-count indictment "was never

---

[2] Though styled a "Motion to Amend," this filing merely seeks to make a clerical correction in order to name Defendants "in their individual capacity as well" as their official capacity. (Doc. No. 6 at 1.) The Court will allow this correction to the record without construing the motion as seeking amendment under Federal Rule of Civil Procedure 15.

3

returned into . . . court" in his criminal case, Case No. 89771. (Doc. No. 1 at 5.) Plaintiff alleges that the Public Defender's Office was appointed to represent him without his consent, resulting in a conflict of interest between him and his attorneys, of which Defendants Tidwell and Harrell were aware. (*Id.* at 5, 6.) Plaintiff claims that he has been falsely imprisoned because he was never formally arraigned on the charges he faces, that he was "illegally represented by the Public Defender's Office," and that he was denied due process and the right to choose his counsel by Judge Tidwell. (*Id.* at 8.) He alleges that Judge Tidwell and Clerk Harrell both know about, but do nothing to remedy, the violation of his rights during ongoing criminal proceedings against him. (*Id.*) Plaintiff claims that Defendants' actions against him amount to judicial misconduct, negligence, abuse, harassment, and inhumane treatment. (*Id.* at 9.) As relief, the Complaint seeks dismissal of Rutherford County Case No. 89771 and an award of damages. (*Id.* at 10.)

Plaintiff filed a Motion to Amend his Complaint (Doc. No. 9) and a proposed amendment (Doc. No. 9-1), in which he names a third defendant, the State of Tennessee District Attorney's Office. (*Id.* at 1.) With this amendment,[3] Plaintiff challenges the legal sufficiency of both counts of the indictment against him (*id.* at 2–4), alleges that he has made the indictment's defects known to District Attorneys Jennings H. Jones and Allyson S. Abbott, and claims that their refusal to remedy the defects he identified is "clear malice" and "reckless misconduct." (*Id.* at 4.) He seeks an award of damages for his "false imprisonment," and an order for Jones and Abbott to be disciplined "due to the[ir] intent, malice, and reckless misconduct" in Case No. 89771. (*Id.* at 5.) Finally, he asks for the State of Tennessee to be held responsible for all Defendants. (*Id.*)

---

[3] Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, an opening pleading may be amended "once as a matter of course," but thereafter may only be amended with the consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(1)–(2).

4

**C. Analysis**

Plaintiff filed another case in this district challenging the same Rutherford County indictment and claiming unlawful arraignment and false imprisonment. *Miller v. Public Defender's Office, et al.*, No. 3:24-cv-00685 (M.D. Tenn.) (Crenshaw, J.). In his order dismissing that case, and as pertinent here, Judge Crenshaw found as follows:

> Plaintiff does not plausibly claim relief under Section 1983 by challenging the legality of his indictment, arraignment, and detention on state criminal charges, nor can he win dismissal of those charges in this civil rights action. It is well settled that direct challenges to the validity of a detainee's continued confinement, as distinguished from the "circumstances" or conditions of his confinement, are not properly lodged under Section 1983 but are within the sole province of habeas corpus. See Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."); Davenport v. Miller, No. 2:24-CV-2838, 2024 WL 4440971, at *2 (S.D. Ohio Oct. 8, 2024) (habeas corpus is sole remedy for detainee seeking nonmonetary relief based on defects in criminal pretrial proceedings), report and recommendation adopted, 2024 WL 4665665 (S.D. Ohio Nov. 4, 2024); Dothard v. Watson, No. 221CV01323LSCHNJ, 2023 WL 7179079, at *7 (N.D. Ala. Sept. 27, 2023) ("In seeking the dismissal of his pending federal criminal charges, Dothard necessarily challenges the fact or duration of his pretrial detention stemming from said charges. As such, his claims fall within the core of habeas corpus and are thus not cognizable when brought pursuant to § 1983[.]"), report and recommendation adopted, 2023 WL 7166806 (N.D. Ala. Oct. 31, 2023); Guzman v. Gadson, No. 1:21-CV-3135-MHC-RDC, 2021 WL 11718275, at *2 (N.D. Ga. Aug. 11, 2021) ("Plaintiff's § 1983 action must be dismissed as § 1983 is not available for a challenge seeking the dismissal of a criminal indictment."), report and recommendation adopted, 2021 WL 11718270 (N.D. Ga. Sept. 10, 2021).
>
> Moreover, to the extent that Plaintiff indirectly challenges the validity of his confinement by claiming unconstitutional, malicious prosecution and seeking relief that is proper under Section 1983 but "unavailable in habeas, notably damages," Muhammad, 540 U.S. at 751, that claim cannot be pursued unless and until he achieves the favorable termination of the criminal prosecution. Gardner v. Morriss, No. 3:17-cv-00747, 2017 WL 4805205, at *2 (M.D. Tenn. Oct. 24, 2017) (citing Heck v. Humphrey, 512 U.S. 477, 486–87 (1994)); see Sykes v. Anderson, 625 F.3d 294, 309 (6th Cir. 2010) (applying Heck's favorable termination rule in § 1983 action for malicious prosecution). … Favorable termination is an element of a malicious prosecution claim and a precondition for its accrual, such that the claim "is not available" before criminal proceedings end in victory for the plaintiff. King v. Harwood, 852 F.3d 568, 578–79 (6th Cir. 2017); see McDonough v. Smith, 139

5

S. Ct. 2149 (2019). Because Plaintiff has not yet achieved such favorable termination,[4] he cannot yet pursue a malicious prosecution claim.

*Id.*, Doc. No. 19 at 4–5.

In addition to his improper pursuit of habeas remedies in this civil rights action, and the unavailability of a malicious prosecution claim at this point, Plaintiff's claim for false imprisonment (as distinct from malicious prosecution) would appear to be barred by the one-year statute of limitations that applies to Section 1983 claims arising in Tennessee. *See* Tenn. Code Ann. § 28-3-104(a); *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1161 (6th Cir. 2021). Judge Crenshaw found as much in dismissing Plaintiff's claim for false arrest/imprisonment, which "would have accrued, and the statute of limitations would have begun to run, at the latest, when his detention without a warrant or other legal process ended and prosecution began—presumably within days or hours after his arrest on March 1, 2023."[5] (Case No. 3:24-cv-00685, Doc. No. 19 at 7 (citing *Dibrell*, 984 F.3d at 1162 (tort of false imprisonment challenges detention without legal process; once legal process is initiated—"when, for example, the plaintiff is brought before a magistrate"—"a plaintiff relying on the law of torts to challenge any continuing detention must assert a malicious-prosecution claim")). This case was not filed until May of 2024, more than one year after Plaintiff's detention without legal process presumably ended.

---

[4] Indeed, the Rutherford County Online Court Records System reveals that Plaintiff's February 10, 2025 trial setting was continued, and that a status hearing is scheduled for February 27, 2025. *See* https://rutherford.tncrtinfo.com/crCaseForm.aspx?id=2A9336A8-E5C4-4778-9A87-E4D5961DC4DF&dsid=23e44664 (last visited Feb. 19, 2025).

[5] The Court takes judicial notice of this arrest date, as reflected on the docket of Case No. 3:24-cv-00685, at Doc. No. 11, page 1. "It is well established that a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence." *ZMC Pharmacy, LLC v. State Farm Mut. Auto. Ins. Co.*, 307 F. Supp. 3d 661, 665 n.1 (E.D. Mich. 2018) (quoting *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015); citing *Woods v. Northport Public School*, 487 F. App'x 968, 973 (6th Cir. 2012)).

In addition to these issues concerning the nature and timing of Plaintiff's claims, his attempts to win relief against the State of Tennessee, Judge Tidwell, Clerk Harrell, and District Attorneys Jones and Abbott fail due to the immunity of these Defendants. The State of Tennessee is immune from suit in federal court under Section 1983, as are the court employees[6] and prosecutors[7] in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 165–66, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity.") (citations omitted); *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023) ("As for suits under § 1983, Tennessee has not consented to such lawsuits and Congress has not removed states' sovereign immunity under the statute.").

In their individual capacities, Defendants are likewise immune from this suit for damages. Judge Tidwell enjoys absolute judicial immunity, which extends to all actions taken in his judicial capacity except those taken without any basis for exercising jurisdiction. *Morgan*, 63 F.4th at 518–19; *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing, *e.g.*, *Mireles v. Waco*, 502 U.S. 9 (1991)). Criminal court clerks such as Defendant Harrell are non-judicial court officers who nevertheless perform "quasi-judicial" duties. *See Bush*, 38 F.3d at 847. They are absolutely immunized from liability to the extent that they are "performing tasks so integral or intertwined with the judicial process that [they] are considered an arm of the judicial officer who is immune."

---

[6] *See Nashville Cmty. Bail Fund v. Gentry*, No. 3:20-cv-00103, 2020 WL 1274776, at *9–10 (M.D. Tenn. Mar. 17, 2020) (finding that county criminal court "is an arm of the State of Tennessee," and clerk of that court is a state employee).

[7] *See Thompson v. Tennessee Dist. Attorney Gen.'s Office*, No. 3:18-cv-00502, 2018 WL 6181357, at *3 (M.D. Tenn. Nov. 27, 2018) ("District Attorneys General and their assistants prosecute suits on behalf of the State of Tennessee, receive salaries payable out of the state treasury, and therefore are employees of the State of Tennessee.") (citing *White by Swafford v. Gerbitz*, 860 F.2d 661, 663 n.2 (6th Cir. 1988)).

7

*Id.* Court clerks have consistently been found to be entitled to quasi-judicial immunity when performing their official duties. *See id.* As to prosecutors Jones and Abbott, their immunity extends to all actions "intimately associated with the judicial process," even when such actions amount to "unquestionably illegal or improper conduct, including instances where a defendant is genuinely wronged." *Price v. Montgomery Cnty., Kentucky*, 72 F.4th 711, 719–20 (6th Cir. 2023) (citations and internal quotation marks omitted); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009) (recognizing absolute prosecutorial immunity from suit under Section 1983 for all actions taken in capacity as officers of the court) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).

There is no indication in the record that any Defendant acted outside of his or her judicial, quasi-judicial, or prosecutorial function, or in the absence of all jurisdiction. Judge Tidwell is accused of failing to adequately inform Plaintiff of the charges against him, wrongfully denying or refusing to hear Plaintiff's motions to dismiss the indictment, refusing to hear motions to change venue, and appointing defense attorneys without Plaintiff's input. (*See* Doc. No. 1 at 5–8; Doc. No. 24 at 1–3.) A failure to act or rule within the time a criminal defendant would prefer—or at all—does not indicate an absence of jurisdiction or otherwise operate to remove judicial immunity. *See Byrdwell v. Goodwin*, No. 20-6114, 2021 WL 11569474, at *2 (6th Cir. May 27, 2021) ("Because Judge Goodwin was not acting in the absence of all jurisdiction when she failed to rule on Byrdwell's motions, she was entitled to judicial immunity[.]"); *see also Marshall v. Bowles*, 92 F. App'x 283, 284 (6th Cir. 2004) (finding defendant judge immune from suit for damages based on acts including "failing to rule on a motion," because such acts "are judicial functions exercised under proper jurisdictional authority"); *Irk v. Deeds*, 961 F.2d 216 (Table), 1992 WL 84213, at *2 (9th Cir. Apr. 24, 1992) (same). Clerk Harrell is alleged to have failed to act in response to Plaintiff's letters disputing the propriety of initial proceedings related to his charges, but she is not

8

accused of taking any action outside of her role as Clerk of Court, or of failing to act in some way that is inconsistent with that role "as an arm of the judicial officer who is immune." *Bush*, 38 F.3d at 847. Plaintiff's allegations that Defendant Harrell disregards the law because she does not "want [him] to have peace" or justice, but "is part of a conspiracy to violate [his] rights to keep [him] in jail" (Doc. No. 23 at 2–3), are entirely conclusory and undeserving of any weight or further consideration. And while District Attorneys Jones and Abbott are accused of advancing formal charging documents that contain multiple errors, and attempting to plea bargain based on the erroneous charges (Doc. No. 9-1 at 2–4), they are not accused of taking actions outside of the judicial process, or outside of their capacity as officers of the court.

Finally, as to Plaintiff's multiple "briefings" (Doc. Nos. 8, 11, 16, 18, 19, 21, 24, 26), which he asks the Court "to consider . . . as new claims to be added" (Doc. No. 14), these briefings seek to add details to his claims against immune Defendants and would therefore be futile if considered as further amendments to his Complaint. *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) ("a motion to amend may be denied where there is . . . futility of amendment") (citation and internal quotation marks omitted). Likewise, Plaintiff's Motion to Amend in order to sue an additional defendant, Murfreesboro Police Department Open Records Coordinator Melody Hicks (Doc. No. 23 at 1, 5–8), for treating two of his cases as related and refusing to "do her job [under the Tennessee Public Records Act and Rules of Criminal Procedure] and send to [him] proof of the illegal indictment" (*id.* at 6)—confirming "that she was part of the conspiracy to violate [his] rights and keep [him] in jail" (*id.* at 7)—is conclusory, fails to state a plausible claim for violation of federal rights, and must therefore be denied on grounds of futility of the proposed amendment.

For all of these reasons, this action will be dismissed.

9

## III. CONCLUSION

In light of the foregoing, Plaintiff's first Motion to Amend/Correct (Doc. No. 9) is **GRANTED**. His subsequent Motions to Amend/Correct (Doc. Nos. 14, 23) are **DENIED** due to the futility of the requested amendments. The Complaint, as amended, fails to state a claim upon which relief can be granted and is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is **WITHOUT PREJUDICE** to (1) Plaintiff's ability to re-file a claim for malicious prosecution if and when he achieves favorable termination of the criminal proceedings against him, and (2) his claims under state law.

In light of this disposition, all remaining pending motions (Doc. Nos. 6, 7, 12, 13, 15, 17, 20, 22, 25, 27) are **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE